**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **Combe Incorporated**,<br>  1101 Westchester Avenue<br>  White Plains, New York 10604,<br><br>            Plaintiff/Appellant,<br><br>    v.<br><br>**Dr. August Wolff GMBH & Co.<br>KG Arzneimittel**,<br>  Sudbrackstraße 56<br>  33611 Bielefeld, Germany,<br><br>            Defendant. | CIVIL ACTION NO.<br><br>**JURY TRIAL<br>DEMANDED** |

## COMPLAINT

Plaintiff/Appellant, Combe Incorporated ("Combe"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.  This is an appeal from the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145, and a civil action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia statutory and common law.  Combe seeks reversal of the TTAB decision in *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel,* Opposition No. 91209708 (TTAB June 19, 2017) dismissing Combe's opposition against Defendant's application for the mark VAGISAN (the "TTAB Decision") and equitable and monetary relief from Defendant's willful violations of Combe's trademark rights in its famous VAGISIL mark for feminine personal-care products.

1

2. Defendant filed Application Serial No. 79111922 under Section 66(A) of the Lanham Act for the mark VAGISAN for feminine moisturizers, anti-fungal preparations, washes, and similar products and has impending plans to start selling, offering for sale, and promoting these products in the United States. Given the similarities between the marks (as applied to the same goods), consumers are likely to confuse VAGISAN with VAGISIL, or to mistakenly believe that VAGISAN is made, approved, or licensed by Combe. For this reason, Defendant's application for the VAGISAN mark also conflicts with Combe's rights under 15 U.S.C. § 1052(d), and the TTAB Decision should thus be reversed and registration to Defendant be refused.

## PARTIES AND JURISDICTION

3. Plaintiff/Appellant Combe is a Delaware corporation with an address at 1101 Westchester Avenue, White Plains, New York 10604.

4. Defendant Dr. August Wolff GmbH & Co. KG Arzneimittel is a German limited liability partnership with an address at Sudbrackstraße 56, 33611 Bielefeld, Germany.

5. This Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. § 701, *et seq.*; 15 U.S.C. §§ 1121 and 1071(b)(1); and 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over Combe's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

6. Because Defendant resides in a foreign country, this Court has personal jurisdiction over Defendant under 15 U.S.C. § 1071(b)(4).

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant, a foreign-based corporation, is subject to this Court's jurisdiction under 15 U.S.C. § 1071(b)(4).

## COMBE AND ITS FAMOUS VAGISIL TRADEMARK AND PRODUCTS

8.  Founded in 1949, Combe is a leading maker of personal-care products for men and women. Through Combe's innovations and use of advanced technologies and formulations, Combe has pioneered the feminine personal-care industry.

9.  Since at least as early as 1973, Combe has offered and sold women's medicated creams under the trademark VAGISIL.

10. Over the years, Combe has expanded its VAGISIL-branded offerings to a wide range of other products, including women's moisturizers, creams, deodorant powders, wipes, gels, washes, and other products. The distinctive VAGISIL mark has been used and promoted across Combe's extensive product line for over four decades, e.g.:







| SCENTSITIVE SCENTS WHITE JASMINE WASH | SENSITIVE PLUS WASH | ODOR BLOCK PROTECTION WASH | PH BALANCE WASH | DEODORANT POWDER |

11. As a result of such use and promotion (discussed in more detail below), Combe remains a leader in the feminine personal-care industry. Its VAGISIL ODOR BLOCK Wash and pH Balance Wash are respectively the number one and two intimate washes on the market. And its VAGISIL Maximum Strength Anti-Itch Creme and Medicated Wipes are both number one in their respective product categories.

## COMBE'S SALES AND PROMOTION OF ITS VAGISIL-BRANDED PRODUCTS

12. Combe has sold hundreds of millions of dollars worth of products under the VAGISIL mark. Those products are promoted, offered, and sold nationwide through a wide variety of retail means, including thousands of mass merchandising stores, drug store chains, grocery stores, and etailers, such as *Wal-Mart*, *CVS*, *Target*, *Walgreens*, *Rite-Aid*, *Kroger*, *Bed Bath & Beyond*, *Publix*, and *Amazon.com*.

13. For decades, Combe has spent millions of dollars annually advertising and promoting its VAGISIL mark and products to the general public through virtually every available type of media, including print publications, television, radio, and/or the Internet.

14. With respect to print publications, since the 1970s, Combe has advertised and promoted its VAGISIL mark and products in a wide variety of nationally circulated magazines and newspapers, including *People*, *People en Espanol*, *Reader's Digest*, *TV Guide*,

*Cosmopolitan*, *Ladies' Home Journal*, *True Story*, *McCall's*, *Glamour*, *Parade*, *Family Circle*, and *Woman's Day*.

15. Since the 1980s, Combe has advertised and promoted its VAGISIL mark and products through television commercials on numerous prominent stations and cable networks, including ABC, NBC, CBS, A&E, Bravo, Oxygen, BET, VH1, and MTV.

16. For many years, dating back to the 1970s, Combe advertised and promoted its VAGISIL mark and products on the radio, including on many top-rated stations in their markets.

17. For decades, Combe has also advertised and promoted its VAGISIL mark and products via coupons and other direct-mail advertising, countless point-of-sale displays, billboards, press and public-relations events, sampling programs, and online banners and ads.

18. Combe has advertised and promoted its VAGISIL mark and products on its own and authorized websites and social-media sites, including www.vagisil.com, www.facebook.com/vagisil, www.twitter.com/vagisil, and www.youtube.com/user/Vagisil. Further, Combe's VAGISIL mark and products are advertised and/or sold through many of its retailers' websites, including the sites used by *Walmart.com*, *Amazon.com*, *Jet.com*, *Target.com*, *CVS.com, Safeway.com*, *RiteAid.com*, and *Walgreens.com*.

19. Over the years, Combe has also engaged in sponsorship activities in connection with its VAGISIL mark, including the "Half the Sky" movement to end oppression of women and children:



20. Also in connection with its VAGISIL mark, Combe partnered with SheKnows Media—a leading women's media company that averages 60 million unique visitors per month and reaches more than 300 million social-media fans—on a multifaceted campaign to generate conversations about women's health, from postpartum to perimenopause.

21. Beyond mass-media, the VAGISIL mark and products are showcased, promoted, and recommended in doctors' offices across the country.

22. In addition to its own substantial advertising and promotional activities, the VAGISIL mark and products have received and continue to receive widespread unsolicited media coverage and attention, including in popular television shows, and unsolicited third-party and industry references by reputable sources such as *Mayo Clinic* and *Healthline*—exposing many millions of consumers to the VAGISIL mark.

23. As a result of its distinctive nature, and thus inherent strength; widespread advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition for over four decades, the VAGISIL mark has been well known and famous for years.

**COMBE'S TRADEMARK REGISTRATIONS FOR ITS VAGISIL MARK**

24. Combe owns the following valid and subsisting U.S. federal trademark registrations for its VAGISIL mark for various feminine personal-care products:

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| VAGISIL | 1104172 | 10/17/1978 | Pharmaceutical preparations, namely, medicated creams in Class 5 |
| VAGISIL | 1424503 | 1/13/1987 | Cosmetics, namely, powders for feminine use in Class 3 |
| VAGISIL | 2971826 | 7/19/2005 | Pharmaceuticals, namely, medicated premoistened towelettes for feminine use in Class 5 |
| VAGISIL | 3285997 | 8/28/2007 | Vaginal pH testing kits containing testing swabs and color guides in Class 10 |
| VAGISIL | 4073832 | 12/20/2011 | Non-medicated feminine washes in Class 3 |
| VAGISIL | 4205458 | 09/11/2012 | Moisturizers for the skin at the external vaginal area in Class 3 |
| Vagisil (logo) | 4343995 | 05/28/2013 | Nonmedicated products for feminine use, namely, feminine soothing creams for the skin, moisturizers for the skin at the external vaginal area, feminine deodorant powders, and nonmedicated feminine hygiene washes in Class 3<br><br>Medicated products for feminine use, namely, feminine anti-itch creams, and premoistened feminine wipes in Class 5<br><br>Vaginal pH screening kits containing pH test swabs and color guides in Class 10 |

Printouts of these registrations from the PTO database are attached as Exhibit A.

**DEFENDANT'S WRONGFUL ACTIVITIES**

25. Without Combe's authorization or approval, Defendant applied to register the mark VAGISAN and has impending plans to start offering, selling, and promoting feminine

7

moisturizing creams and other similar products in connection with the VAGISAN mark in the United States.

26. Defendant filed Application Serial No. 79111922 for the mark VAGISAN for "pharmaceutical preparations, namely, vaginal moisturizers, vaginal anti-fungal preparations, vaginal washes; sanitary preparations for medical use; diet pills, diet capsules, diet liquid medications" in Class 5 and "soaps, perfumery, essential oils, cosmetics, hair lotions" in Class 3.

27. Combe filed Opposition No. 91209708 against Defendant's Application Serial No. 79111922 for the VAGISAN mark.

28. On June 19, 2017, the TTAB issued a final decision erroneously dismissing Combe's opposition against the VAGISAN mark.

29. Defendant has been selling VAGISAN-branded products abroad (which are available in the U.S. via Amazon.com) and has impending plans to further enter the U.S. market. As part of its impending U.S. expansion, it has applied for Federal Drug Administration approval of VAGISAN-branded moisturizing feminine creams.

30. Combe has objected to Defendant's use and registration of the VAGISAN mark, but Defendant has moved forward with its plans.

31. Fully aware of Combe's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

**INJURY TO COMBE AND THE PUBLIC**

32. Defendant's Application Serial No. 79111922 for the mark VAGISAN conflicts with Combe's rights.

33. The TTAB Decision is erroneous and should be reversed.

34. Defendant's use of the VAGISAN mark in the United States is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and/or its products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Combe and/or its VAGISIL mark/products.

35. Defendant's use of the VAGISAN mark is likely to dilute the distinctiveness and value of Combe's famous VAGISIL mark.

36. Defendant's acts, described above, are likely to damage and irreparably injure Combe and its VAGISIL mark.

37. Defendant's acts, described above, are likely to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

**FIRST CLAIM FOR RELIEF**
**Request for Judicial Review of the TTAB Decision Under**
**Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and**
**<u>Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)</u>**

38. Combe repeats and realleges each and every allegation set forth in Paragraph 1 through 37 of this Complaint.

39. The TTAB issued a final decision in *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel,* Opposition No. 91209708 (TTAB June 19, 2017) dismissing Combe's opposition and concluding that Defendant's application for the mark VAGISAN does not conflict with Combe's prior rights under 15 U.S.C. § 1052(d).

40. Combe respectfully requests a *de novo* judicial review of the TTAB Decision.

41. The TTAB Decision is erroneous because Defendant's VAGISAN mark so resembles Combe's prior used, filed, and/or registered VAGISIL mark, as to be likely, when applied to Defendant's goods, to cause confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, as amended, 15 U.S.C. § 1052(d).

42. The TTAB Decision should be reversed and vacated, Combe's opposition against Defendant's VAGISAN application should be sustained, and registration to Defendant be refused.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

43. Combe repeats and realleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Defendant has impending plans to use in commerce unauthorized reproductions, copies, and colorable imitations of Combe's registered VAGISIL mark in connection with the offering, distribution, and advertising of goods, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, Passing Off, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

45. Combe repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 of this Complaint.

46. Defendant's actions, as described above, are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Combe, and thus constitute trademark infringement,

false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution Under Section**
**43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

47. Combe repeats and realleges each and every allegation set forth in Paragraphs 1 through 46 of this Complaint.

48. Combe's VAGISIL mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendant's January 24, 2012 filing date of its trademark application and/or any first-use date in the U.S. that may be alleged by Defendant, based on, among other things, the inherent distinctiveness and federal registration of Combe's VAGISIL mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

49. Defendant's actions, as described above, are likely to dilute the distinctive quality of Combe's famous VAGISIL mark by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Virginia Trademark and Service Mark Act,**
**Virginia Code § 59.1-92.12**

50. Combe repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

51. Defendant's impending uses, without Combe's consent, of reproductions, copies, or colorable imitations of Combe's federally registered VAGISIL mark in connection with the sale, offering for sale, distribution, or advertising of goods in a manner likely to cause consumer confusion, mistake, or deception as to the source or origin of Defendant, its marks, or its

products, constitute trademark infringement under Virginia Trademark and Service Mark Act § 59.1-92.12, *et seq.*

52. Defendant has committed the acts described above with knowledge of and intent to cause confusion or mistake or to deceive.

**SIXTH CLAIM FOR RELIEF**
**Trademark Infringement and Unfair Competition**
**Under Virginia Common Law**

53. Combe repeats and realleges each and every allegation set forth in Paragraphs 1 through 52 of this Complaint.

54. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Combe, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition under Virginia common law.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Combe respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Combe respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including, but not limited to, the following:

A. An Order reversing and vacating the decision in *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel,* Opposition No. 91209708 (TTAB June 19, 2017), sustaining the opposition against Defendant's VAGISAN mark, and refusing registration to Defendant.

B.     An Order declaring that Defendant's uses and/or registration of the VAGISAN mark infringe and dilute Combe's VAGISIL mark, and constitute unfair competition under federal and/or state law, as detailed above;

C.     A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    1.     From using, registering, or seeking to register the VAGISAN mark in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to and/or dilutive of Combe's VAGISIL mark;

    2.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant is/are associated or connected in any way with Combe or sponsored by or affiliated with Combe in any way; and

    3.     From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs C(1)-(2).

D.     An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the VAGISAN mark, or any other marks, logos, designs, designations, or indicators that are confusingly similar to and/or dilutive of Combe's VAGISIL mark;

E.     An Order requiring Defendant to disseminate pre-approved corrective advertising and send pre-approved letters to all U.S. customers, resellers, retailers, agents, partners, and/or

representatives to address the likely confusion and/or dilution caused by use of the VAGISAN mark.

  F. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Combe's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  G. An Order requiring Defendant to account for and pay to Combe any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

  H. An Order requiring Defendant to pay Combe damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

  I. An Order requiring Defendant to pay Combe all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

  J. An Order requiring Defendant to pay Combe punitive damages for trademark infringement and unfair competition under Virginia common law; and

  K. Other relief as the Court may deem appropriate.

Dated: August 21, 2017

Respectfully submitted,

/s/ *Anna B. Naydonov*
Anna B. Naydonov (Bar No. 80101)
Douglas A. Rettew (*pro hac vice* application forthcoming)
Sydney N. English (*pro hac vice* application forthcoming)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Email: anna.naydonov@finnegan.com
Email: doug.rettew@finnegan.com
E-mail: sydney.english@finnegan.com

*Attorneys for Plaintiff/Appellant Combe Incorporated*