## WIN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

<table>
<tr><td>

_____<br>
Combe Incorporated,<br><br>
        Plaintiff,<br><br>
v.<br><br>
Dr. August Wolff GmBH & Co.<br>
KG Arzneimittel,<br><br>
        Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

<br><br><br><br>
No. 1:17-cv-00935 (TSE/MSN)

</td></tr>
</table>

### DEFENDANT DR. AUGUST WOLFF GMBH & CO. KG ARZNEIMITTEL'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S COMPLAINT

Defendant Dr. August Wolff GmBH & Co. KG Arzneimittel hereby answers Count I of Plaintiff's Complaint as set forth below.  Defendant has separately moved to dismiss Counts II through VI of Plaintiff's Complaint for lack of personal jurisdiction.

### NATURE OF THE ACTION

1.     This is an appeal from the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145, and a civil action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia statutory and common law. Combe seeks reversal of the TTAB decision in *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel,* Opposition No. 91209708 (TTAB June 19, 2017) dismissing Combe's opposition against Defendant's application for the mark VAGISAN (the "TTAB Decision") and equitable and monetary relief from Defendant's willful violations of Combe's trademark rights in its famous VAGISIL mark for feminine personal-care products.

### ANSWER:

Defendant admits that Plaintiff purports to appeal from a decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB"), and that Plaintiff improperly alleges claims for trademark infringement, trademark dilution, and unfair competition

under the Lanham Act and/or Virginia statutory and common law, but Defendant denies that

those claims are valid or state a claim upon which relief can be granted.

2.     Defendant filed Application Serial No. 79111922 under Section 66(A) of the
Lanham Act for the mark VAGISAN for feminine moisturizers, anti-fungal preparations,
washes, and similar products and has impending plans to start selling, offering for sale, and
promoting these products in the United States. Given the similarities between the marks (as
applied to the same goods), consumers are likely to confuse VAGISAN with VAGISIL, or to
mistakenly believe that VAGISAN is made, approved, or licensed by Combe. For this reason,
Defendant's application for the VAGISAN mark also conflicts with Combe's rights under 15
U.S.C. § 1052(d), and the TTAB Decision should thus be reversed and registration to Defendant
be refused.

**ANSWER:**

Defendant admits that it filed Application Serial No. 79111922 and that the applications

is based solely on its request for extension of its international registration, under Section 66(A)

of the Lanham Act for the mark VAGISAN, but otherwise denies the allegations in Paragraph 2.

## PARTIES AND JURISDICTION

3.     Plaintiff/Appellant Combe is a Delaware corporation with an address at 1101
Westchester Avenue, White Plains, New York 10604.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 3 and therefore denies the same.

4.     Defendant Dr. August Wolff GmbH & Co. KG Arzneimittel is a German limited
liability partnership with an address at Sudbrackstraße 56, 33611 Bielefeld, Germany.

**ANSWER:**

Defendant admits the allegations in Paragraph 4.

5.     This Court has jurisdiction over the subject matter of this action pursuant to 5
U.S.C. § 701, *et seq.*; 15 U.S.C. §§ 1121 and 1071(b)(1); and 28 U.S.C. §§ 1331, 1338(a) and
(b). The Court has supplemental jurisdiction over Combe's state-law claims pursuant to 28
U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the
same case or controversy.

2

**ANSWER:**

Defendant admits that this Court has subject matter jurisdiction solely over Count I of

Plaintiff's Complaint, but Defendant denies the remaining allegations in Paragraph 5.

6.      Because Defendant resides in a foreign country, this Court has personal
jurisdiction over Defendant under 15 U.S.C. § 1071(b)(4).

**ANSWER:**

Defendant admits that this Court has personal jurisdiction over Defendant solely with

regard to Court I of the Complaint, but denies that this Court has personal jurisdiction over

Defendant with regard to Counts II through VI of the Complaint.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant, a
foreign-based corporation, is subject to this Court's jurisdiction under 15 U.S.C. § 1071(b)(4).

**ANSWER:**

Defendant admits that venue lies in this District with regard to Count I of the Complaint

and that this Court has personal jurisdiction over Defendant solely as to Count I of the

Complaint.  Defendant denies the remaining allegations in Paragraph 7.

### COMBE AND ITS FAMOUS VAGISIL TRADEMARK AND PRODUCTS

8.      Founded in 1949, Combe is a leading maker of personal-care products for men
and women. Through Combe's innovations and use of advanced technologies and formulations,
Combe has pioneered the feminine personal-care industry.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 8 and therefore denies the same.

9.      Since at least as early as 1973, Combe has offered and sold women's medicated
creams under the trademark VAGISIL.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 9 and therefore denies the same.

10. Over the years, Combe has expanded its VAGISIL-branded offerings to a wide range of other products, including women's moisturizers, creams, deodorant powders, wipes, gels, washes, and other products. The distinctive VAGISIL mark has been used and promoted across Combe's extensive product line for over four decades, e.g.:



**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 10 and therefore denies the same.

11. As a result of such use and promotion (discussed in more detail below), Combe remains a leader in the feminine personal-care industry. Its VAGISIL ODOR BLOCK Wash and pH Balance Wash are respectively the number one and two intimate washes on the market. And its VAGISIL Maximum Strength Anti-Itch Creme and Medicated Wipes are both number one in their respective product categories.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 11 and therefore denies the same.

## COMBE'S SALES AND PROMOTION OF ITS
## VAGISIL-BRANDED PRODUCTS

12.     Combe has sold hundreds of millions of dollars worth of products under the VAGISIL mark. Those products are promoted, offered, and sold nationwide through a wide variety of retail means, including thousands of mass merchandising stores, drug store chains, grocery stores, and retailers, such as *Wal-Mart*, *CVS*, *Target*, *Walgreens*, *Rite-Aid*, *Kroger*, *Bed Bath & Beyond*, *Publix*, and *Amazon.com*.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 12 and therefore denies the same.

13.     For decades, Combe has spent millions of dollars annually advertising and promoting its VAGISIL mark and products to the general public through virtually every available type of media, including print publications, television, radio, and/or the Internet.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 13 and therefore denies the same.

14.     With respect to print publications, since the 1970s, Combe has advertised and promoted its VAGISIL mark and products in a wide variety of nationally circulated magazines and newspapers, including *People*, *People en Espanol*, *Reader's Digest*, *TV Guide*, *Cosmopolitan*, *Ladies' Home Journal*, *True Story*, *McCall's*, *Glamour*, *Parade*, *Family Circle*, and *Woman's Day*.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14 and therefore denies the same.

15.     Since the 1980s, Combe has advertised and promoted its VAGISIL mark and products through television commercials on numerous prominent stations and cable networks, including ABC, NBC, CBS, A&E, Bravo, Oxygen, BET, VH1, and MTV.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 15 and therefore denies the same.

16.     For many years, dating back to the 1970s, Combe advertised and promoted its VAGISIL mark and products on the radio, including on many top-rated stations in their markets.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 16 and therefore denies the same.

17.     For decades, Combe has also advertised and promoted its VAGISIL mark and products via coupons and other direct-mail advertising, countless point-of-sale displays, billboards, press and public-relations events, sampling programs, and online banners and ads.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 17 and therefore denies the same.

18.     Combe has advertised and promoted its VAGISIL mark and products on its own and authorized websites and social-media sites, including www.vagisil.com, www.facebook.com/vagisil, www.twitter.com/vagisil, and www.youtube.com/user/Vagisil. Further, Combe's VAGISIL mark and products are advertised and/or sold through many of its retailers' websites, including the sites used by *Walmart.com*, *Amazon.com*, *Jet.com*, *Target.com*, *CVS.com*, *Safeway.com*, *RiteAid.com*, and *Walgreens.com*.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 18 and therefore denies the same.

19.     Over the years, Combe has also engaged in sponsorship activities in connection with its VAGISIL mark, including the "Half the Sky" movement to end oppression of women and children:



**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 19 and therefore denies the same.

20.     Also in connection with its VAGISIL mark, Combe partnered with SheKnows
Media-a leading women's media company that averages 60 million unique visitors per month
and reaches more than 300 million social-media fans-on a multifaceted campaign to generate
conversations about women's health, from postpartum to perimenopause.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 20 and therefore denies the same.

21.     Beyond mass-media, the VAGISIL mark and products are showcased, promoted,
and recommended in doctors' offices across the country.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 21 and therefore denies the same.

22.     In addition to its own substantial advertising and promotional activities, the
VAGISIL mark and products have received and continue to receive widespread unsolicited
media coverage and attention, including in popular television shows, and unsolicited third-party
and industry references by reputable sources such as *Mayo Clinic* and *Healthline*—exposing
many millions of consumers to the VAGISIL mark.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 22 and therefore denies the same.

23.     As a result of its distinctive nature, and thus inherent strength; widespread
advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition
for over four decades, the VAGISIL mark has been well known and famous for years.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 23 and therefore denies the same.

**COMBE'S TRADEMARK REGISTRATIONS FOR ITS VAGISIL MARK**

24.    Combe owns the following valid and subsisting U.S. federal trademark registrations for its VAGISIL mark for various feminine personal-care products:

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| VAGISIL | 1104172 | 10/17/1978 | Pharmaceutical preparations, namely, medicated creams in Class 5 |
| VAGISIL | 1424503 | 1/13/1987 | Cosmetics, namely, powders for feminine use in Class 3 |
| VAGISIL | 2971826 | 7/19/2005 | Pharmaceuticals, namely, medicated premoistened towelettes for feminine use in Class 5 |
| VAGISIL | 3285997 | 8/28/2007 | Vaginal pH testing kits containing testing swabs and color guides in Class 10 |
| VAGISIL | 4073832 | 12/20/2011 | Non-medicated feminine washes in Class 3 |
| VAGISIL | 4205458 | 09/11/2012 | Moisturizers for the skin at the external vaginal area in Class 3 |
| Vagisil | 4343995 | 05/28/2013 | Nonmedicated products for feminine use, namely, feminine soothing creams for the skin, moisturizers for the skin at the external vaginal area, feminine deodorant powders, and nonmedicated feminine hygiene washes in Class 3  Medicated products for feminine use, namely, feminine anti-itch creams, and premoistened feminine wipes in Class 5  Vaginal pH screening kits containing pH test swabs and color guides in Class 10 |

Printouts of these registrations from the PTO database are attached as Exhibit A.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 24 and therefore denies the same.

**DEFENDANT'S WRONGFUL ACTIVITIES**

25.    Without Combe's authorization or approval, Defendant applied to register the mark VAGISAN and has impending plans to start offering, selling, and promoting feminine

8

moisturizing creams and other similar products in connection with the VAGISAN mark in the United States.

**ANSWER:**

Defendant admits that it neither required nor sought authorization or approval to seek

extension of protection to the United States for its Internationally Registered mark VAGISAN.

Defendant denies the remaining allegations in Paragraph 25.

26.     Defendant filed Application Serial No. 79111922 for the mark VAGISAN for "pharmaceutical preparations, namely, vaginal moisturizers, vaginal anti-fungal preparations, vaginal washes; sanitary preparations for medical use; diet pills, diet capsules, diet liquid medications" in Class 5 and "soaps, perfumery, essential oils, cosmetics, hair lotions" in Class 3.

**ANSWER:**

Defendant admits the allegations in Paragraph 26.

27.     Combe filed Opposition No. 91209708 against Defendant's Application Serial No. 79111922 for the VAGISAN mark.

**ANSWER:**

Defendant admits the allegations in Paragraph 27.

28.     On June 19, 2017, the TTAB issued a final decision erroneously dismissing Combe's opposition against the VAGISAN mark.

**ANSWER:**

Defendant admits that "[o]n June 19, 2017, the TTAB issued a final decision" which

"dismiss[ed] Combe's opposition against the VAGISAN mark" but denies the dismissal was

erroneous.

29.     Defendant has been selling VAGISAN-branded products abroad (which are available in the U.S. via Amazon.com) and has impending plans to further enter the U.S. market. As part of its impending U.S. expansion, it has applied for Federal Drug Administration approval of VAGISAN-branded moisturizing feminine creams.

**ANSWER:**

Defendant admits that it "has been selling VAGISAN-branded products abroad" and that it "has applied for Federal Drug Administration approval of VAGISAN-branded moisturizing feminine creams" but otherwise denies the allegations in Paragraph 29.

30.    Combe has objected to Defendant's use and registration of the VAGISAN mark, but Defendant has moved forward with its plans.

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

31.    Fully aware of Combe's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

## INJURY TO COMBE AND THE PUBLIC

32.    Defendant's Application Serial No. 79111922 for the mark VAGISAN conflicts with Combe's rights.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

33.    The TTAB Decision is erroneous and should be reversed.

**ANSWER:**

Defendant denies the allegations in Paragraph 33.

34.    Defendant's use of the VAGISAN mark in the United States is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and/or its products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Combe and/or its VAGISIL mark/products.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

35.    Defendant's use of the VAGISAN mark is likely to dilute the distinctiveness and value of Combe's famous VAGISIL mark.

10

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

36.     Defendant's acts, described above, are likely to damage and irreparably injure Combe and its VAGISIL mark.

**ANSWER:**

Defendant denies the allegations in Paragraph 36.

37.     Defendant's acts, described above, are likely to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

**ANSWER:**

Defendant denies the allegations in Paragraph 37.

**FIRST CLAIM FOR RELIEF**
**Request for Judicial Review of the TTAB Decision Under**
**Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and**
**Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d)**

38.     Combe repeats and realleges each and every allegation set forth in Paragraph 1 through 37 of this Complaint.

**ANSWER:**

Defendant restates and incorporates by reference its responses to Paragraph 1 through 37

above, as if fully set forth herein.

39.     The TTAB issued a final decision in *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel,* Opposition No. 91209708 (TTAB June 19, 2017) dismissing Combe's opposition and concluding that Defendant's application for the mark VAGISAN does not conflict with Combe's prior rights under 15 U.S.C. § 1052(d).

**ANSWER:**

Plaintiff admits the allegations in Paragraph 39 and further notes that the TTAB

specifically found that Defendant's mark is not likely to cause confusion with Plaintiff's mark.

40.     Combe respectfully requests a *de novo* judicial review of the TTAB Decision.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies the same.

41.     The TTAB Decision is erroneous because Defendant's VAGISAN mark so resembles Combe's prior used, filed, and/or registered VAGISIL mark, as to be likely, when applied to Defendant's goods, to cause confusion, to cause mistake, or to deceive under Section 2(d) of the Lanham Act, as amended, 15 U.S.C. § 1052(d).

**ANSWER:**

Defendant denies the allegations in Paragraph 41.

42.     The TTAB Decision should be reversed and vacated, Combe's opposition against Defendant's VAGISAN application should be sustained, and registration to Defendant be refused.

**ANSWER:**

Defendant denies the allegations in Paragraph 42.

## GENERAL DENIAL

Defendant denies each and every factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon information presently available.  Defendant reserves the right to assert additional affirmative defenses, or withdraw any of these affirmative defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state a claim for relief against Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because this Court lacks personal jurisdiction over the Defendant.

12

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence, in that the prefix "VAGI-" is a merely descriptive or generic term that denotes a characteristic, function or quality of Plaintiff's products and Plaintiff has openly acquiesced in the use of this term by third parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands in that Plaintiff has engaged in inequitable conduct directly related to the subject matter of this litigation because Plaintiff has actual knowledge of the fact that the prefix "VAGI-" is a merely descriptive or generic term that denotes a characteristic, function or quality of Plaintiff's vaginal products, Plaintiff has openly acquiesced in the use of this term by third parties and Plaintiff filed this action in bad faith for an improper motive, namely to prevent fair competition in the field of vaginal products.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

13

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to absence of any injury or damage.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant deserves the right to amend its answer and to assert additional defenses and/or supplement, alter, or change its answer and defenses upon discovery of more definitive facts.

WHEREFORE, Defendant having fully answered Plaintiff's Complaint in this matter, and denying that Plaintiff is entitled to any relief, Defendant respectfully requests that this Court enter judgment for Defendant on Count I, dismissing the Complaint with prejudice and awarding Defendant its costs, attorneys' fees, and such other further relief as this court deems appropriate.

Respectfully submitted,

Dr. August Wolff GmbH & Co. KG Arzneimittel

By: __/Michael A. Grow/_____
  Michael A. Grow (#15021)
  Ross Q. Panko (*pro hac vice* motion pending)
  Laura E. Zell (*pro hac vice* motion pending)
  ARENT FOX LLP
  michael.grow@arentfox.com
  ross.panko@arentfox.com
  laura.zell@arentfox.com
  1717 K Street N.W.
  Washington, D.C. 20006
  (P) (202) 857-6000
  (F) (202) 857-6395

  Attorneys for Defendant Dr. August Wolff
  GmbH & Co. KG Arzneimittel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2017, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will them send a notification

of such filing (NEF) to the following:

> Anna B. Naydonov (VSB #80101)
> Douglas A. Rettew
> FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, LLP
> 901 New York Avenue, NW
> Washington, D.C. 20001-4413
> Telephone: (202) 408-4000
> Facsimile: (202) 408-4400
> Anna.Naydonov@finnegan.com
> Doug.Rettew@finnegan.com
>
> *Counsel for Plaintiff Combe Inc.*

> _____/Michael A. Grow/_____
> Michael A. Grow (VA Bar No. 150219)
> ARENT FOX LLP
> 1717 K Street NW
> Washington D.C., 20006-5344
> (P) (202) 857-6000
> (F) (202) 857-6395
> Michael.grow@arentfox.com
>
> *Attorneys for Defendant Dr. August Wolff*
> *GmbH & Co. KG Arzneimittel*